## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **EDERSON ENRIQUE SAAVEDRA-HERNANDEZ,** | **Case No. 26–cv–00510–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **PAM BONDI, *et al.*,** | |
| **Respondents.** | |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Ederson Enrique Saavedra-Hernandez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.) Respondents United States Attorney General Pam Bondi, Department of Homeland Security (Department) Secretary Kristi Noem, Immigration and Customs Enforcement (ICE) Director Todd M. Lyons, and Delaney Hall Detention Facility (Facility) Director oppose the Petition. (ECF No. 5.) For the following reasons, I will grant the Petition to the extent that petitioner seeks an order requiring respondents to provide him with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

### I.    BACKGROUND

Petitioner is a citizen of Venezuela. (ECF No. 1 ¶ 1.) He entered the United States without inspection or admission on August 15, 2022. (*Id.* ¶ 2.) Border patrol detained him upon entry but released him on his own recognizance. (*Id.* ¶ 3.) The Department filed a Notice to Appear (Notice) on March 10, 2023 and scheduled petitioner for an immigration hearing on April 1, 2026. (*Id.* ¶ 5; ECF No. 5–1 p. 1.) The Notice charged petitioner with being

a noncitizen present in the country without admission or parole pursuant to Immigration and Nationality Act (INA) § 212(a)(6)(A)(i).   (ECF No. 5–1 p. 1.) Petitioner was not detained until ICE arrested him on November 30, 2025. (ECF No. 1 ¶ 9.)

Petitioner filed the Petition on January 15, 2026.   (ECF No. 1.)   On January 18, 2026, I ordered respondents to answer the Petition and prohibited them from moving petitioner outside of the District of New Jersey pending further order.   (ECF No. 3.)   Respondents filed an answer to the Petition on January 21, 2026.   (ECF No. 5.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within the District of New Jersey when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, I have habeas jurisdiction over his claims.   *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

## III.   DISCUSSION

Petitioner argues that respondents are illegally detaining him without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2).   (ECF No. 1 ¶¶ 29, 30, 39.)   He asserts that immigration judges are categorically declining to hold bond hearings for noncitizens who are detained pursuant to § 1225(b) based on a Board of Immigration Appeals (BIA) decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025).   (*Id.* ¶¶ 30, 35.)   Petitioner asserts that his

detention can only be justified pursuant to INA § 236, codified at 8 U.S.C. § 1226, and that he is at a minimum entitled to an individualized assessment for release by an immigration judge.  (*Id.* ¶¶ 10, 12.)

Respondents assert that petitioner is lawfully detained pursuant to § 1225(b)(2) because he is a noncitizen "who entered without inspection or parole who was initially detained by immigration authorities in the interior of the country without having been lawfully admitted.  Accordingly, [p]etitioner is an 'applicant for admission' who is not entitled to a bond hearing."  (ECF No. 5 p. 2.)

Section 1225 provides in relevant part that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal hearings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'"  *Bethancourt Soto v. Soto,* No. 25–cv–16200, __ F. Supp. 3d __, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025).

Here, petitioner was not seeking to be admitted when border patrol agents detained him; he was already inside the United States.  "To be sure, the line between when a person is 'seeking admission as opposed to being 'already in the country' is not necessarily obvious.  For instance, someone who has just crossed the border may technically be 'in' the country but is still treated as 'an alien seeking initial entry.'"  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 114 (2020) (concluding that a noncitizen stopped "within 25 yards of the

border" may be treated as if stopped at the border)). "Respondents have not presented any evidence about how close to the border [p]etitioner was when immigration officials found him, but more significantly, the record before this Court supports a conclusion that [p]etitioner was processed pursuant to § 1226(a)" in 2022. *Patel v. Almodovar*, No. 25–cv–15345, 2025 WL 3012323, at *3 (D.N.J. Oct. 28, 2025).

The Notice specifically identified petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 5–1 p. 1 (emphasis added)). Moreover, respondents have not produced any documentation that demonstrates petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) in 2022, so I conclude that border patrol released petitioner on his own recognizance. (ECF No. 1 ¶ 3.) "Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather a form of 'conditional parole' from detention, authorized under § 1226." *Lopez Benitez*, 795 F. Supp. 3d at 485; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) ("It is apparent that [the Department] used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a).") Therefore, it seems from the record that the Department "has consistently treated [petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to [r]espondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez*, 795 F. Supp. 3d at 483 (emphasis in original).

This is a "pure[ly] legal question about which section governs. If it's 1225(b), then detention is mandatory. No discretion. If it's 1226, then due process protections apply, and a bond hearing is mandatory. No discretion." *Kashranov v. Jamison*, No. 2:25–cv–05555, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025). The majority of courts have rejected respondents' wide-sweeping interpretation of § 1225(b)(2)(A), as well as the BIA's interpretation

in *Hurtado*, as contradictory to the plain text of § 1225.[1]    Accordingly, I find that petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and petitioner's due process rights.    Respondents are ordered to treat petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

## IV.   CONCLUSION

For the reasons stated above, the Petition is granted.    Respondents shall treat petitioner as detained under § 1226(a) and provide him with an individualized bond hearing before an immigration judge within 14 days. Respondents shall file a letter on the docket within 5 days of this Opinion and Order indicating the date of the hearing.    An appropriate Order accompanies this Opinion.

 */s/ Edward S. Kiel*
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2026

---

[1] I am not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'"    *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).